ROOSEVELT *against* WOODHULL.

Notice of protest must be given in due season, notwithstanding the prevalence of an epidemic. *Que, et vide*, note.

THIS was an action on a bill of exchange, drawn by Robert Brown, Jun., of New York, on Robert Brown, of London, for 200*l.* sterling, in favor of the defendant, and by him indorsed to the plaintiff. The bill was dated the 3d of June, 1805, and payable 60 days after sight.

Plea, non-assumpsit.

The bill was duly protested in London, for non-acceptance, on the 11th July, 1805. About the 1st September, in the same year, the plaintiff left the city of New York, on account of the epidemic that then prevailed, and retired to Newark, in the state of New Jersey. At his departure, he left no person to attend to his business in the city, nor did he fix any notification, on his door, of the place to which he had removed. He returned to the city about the latter end of October, or beginning of November, and then

Roosevelt v. Woodhull.

found the protested bill under the door of his office, and gave immediate notice of its protest to the defendant. It appeared that the bill must have arrived some time in September.

The defendant's counsel moved for a non-suit on two grounds.

1. That the plaintiff ought to have produced a protest for non-payment, on account of the time elapsed between the protest for non-acceptance and the bringing of the action.

2. That the notice given by the plaintiff, of the protest for non-acceptance, was not sufficient to entitle him to his action.

VAN NESS, J. The plaintiff's right of action was complete on the non-acceptance, and there was no need to protest for non-payment.(1) Upon the 2d point, however, the plaintiff must be non-suited. There has been a *laches* on his part. He ought to have left notice at the last place of residence of the defendant, notwithstanding the prevalence of the epidemic.(2)

*Slosson*, for the plaintiff.

*Sanford* and *Wells*, for the defendant.

(1) Vide ante, *Welden* et al. v. *Buck*.

(2) But, in the case of *Tunno* and *Cox* v. *Lague*, (2 Johns. Cases, p. 1,) the court held, that the prevalence of a malignant fever, in the city of New York, was a sufficient excuse for not giving notice until November, of a protest for non-payment made in September.